IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MICHAEL WATERMAN,

        Plaintiff,

v.                                    Civil Action No. 3:19-cv-890

THOR MOTOR COACH, INC. AND
FREIGHTLINER CUSTON CHASSIS
CORPORATION,

        Defendants.

### MEMORANDUM OPINION

This matter is before the Court on Defendant Thor Motor Coach,
Inc's MOTION TO TRANSFER VENUE (ECF No. 14) (the "Motion to
Transfer"). The Court has reviewed the Amended Complaint, the
Motion to Transfer, and the supporting, opposing, and reply
memorandum. For the reasons set forth below, the Motion to
Transfer will be granted. The case will be transferred to the
United States District Court for the North District of Indiana,
South Bend Division.

### BACKGROUND

This case arises from the purchase of an allegedly defected
motorhome. The Plaintiff, Michael Waterman, purchased a new 2019
Thor Aria motorhome (the "Motorhome") from Camping World RV Sales
of Fredericksburg, Virginia ("Camping World") on June 18, 2018.
See ECF No. 12 at ¶ 4; ECF No. 12-1 at 2. Camping World is an
authorized dealer of Defendant Thor Motor Coach, Inc. ("Thor").
Thor, a foreign corporation, whose principal place of business is

in Elkhart, Indiana, manufactured Waterman's Motorhome. Defendant Freightliner Custom Chassis Corporation ("FCCC"), a foreign corporation doing business throughout Virginia, manufactured the chassis of the vehicle. Id. At the time of purchase, the Motorhome came with a factory warranty, administered by Thor, which provided for a one year, 15,000-mile basic express warranty and a two year, 24,000-mile structure warranty ("Limited Warranty"). ECF No. 12 at ¶ 5. The Limited Warranty covered, inter alia, "any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship." Id. at ¶ 7.

Shortly after the purchase, Waterman asserts problems stemming from the various defects and nonconformities with the Motorhome began to appear. The problems were: mechanical issues related to the chassis, impaired tail lights, faulty air conditioning, discoloration of the interior trim, and water leaks. Id. at ¶¶ 9, 11-14. As a result, Waterman returned the Motorhome to a Camping World authorized dealership for inspection and repairs on at least three separate occasions. See id.; ECF No. 12-2 at 2-9 (detailing the repair orders on the Motorhome). Waterman asserts that, notwithstanding these attempted repairs, the Motorhome has never been brought into conformity with the Warranty and is substantially impaired in its use, value, and safety. See ECF No. 12 at ¶¶ 11-14. According to Waterman, the alleged defects caused the Motorhome to be out-of-service in several months, "far

2

in excess of thirty (30) days." See ECF No. 12 at ¶ 10; ECF No. 12-2 at 2-9.

Because of the uncorrected defects in the Motorhome, Waterman filed this action in the Circuit Court for Spotsylvania County, Virginia against Thor and FCCC. The Amended Complaint alleges breach of express warranty (COUNT I), breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. (COUNT II), and Violation of the Virginia Motor Vehicle Warrant Enforcement Act, Va. Code. Ann. § 59.1-207.16 (COUNT III). ECF No. 12 at 4-8; See Notice of Removal, Ex. A (ECF No. 1-2). In the prayer for relief, Waterman seeks, *inter alia*, "a refund of the purchase price of Subject Vehicle."[1] Id. at 8. On September 8, 2019, the Defendants removed the action to this Court. ECF No. 1. On December 16, 2019, Thor filed the Motion to Transfer, requesting the claim be transferred to the Northern District of Indiana, South Bend Division pursuant to 28 U.S.C. § 1404(a), ECF No. 14. Thor argues that the forum-selection clause in the Warranty requires that any action relating to the Warranty be brought in Indiana. ECF No. 14. On December 30, 2019, FCCC filed its consent to the transfer. See ECF No. 18 at 1. Waterman filed a response in opposition on December 30, 2019, ECF No. 18, and Thor filed a reply on January 5, 2020, ECF

---

[1]    The purchase price of the motorhome was $234,104.95 (the net balance due at settlement was approximately $253,000 after various other costs). See ECF No. 12-1 at 2.

3

No. 20.  Accordingly, the motion is ripe for review.


## DISCUSSION

In Atlantic Marine Construction Co.,[2] the Supreme Court held that, when all of the parties in a case have entered into a valid forum-selection clause, the forum-selection clause controls except in exceptional circumstances.  Thor and Waterman are parties to the forum-selection clause.  FCC is not.  Waterman opposes transfer.  In addition, this case presents the question of how a court should proceed when some, but not all, of the parties in a case are subject to a forum-selection clause, and one of the parties files a motion to transfer its claims to the forum chosen in the forum-selection clause.

## I.    LEGAL FRAMEWORK FOR TRANSFER UNDER 28 U.S.C. § 1404(a)

Application of a forum-selection clause is governed by federal law.  See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010) (providing that federal courts sitting in diversity jurisdiction must apply federal law to all procedural matters, including the application of a forum-selection clause).  The provision respecting transfer of civil actions is 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses,
> in the interest of justice, a district court

---

[2]    Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. of Tex., et. al., 571 U.S. 49 (2013).

> may transfer any civil action to any other
> district or division where it might have been
> brought or to any district or division to
> which all parties have consented.

28 U.S.C. § 1404(a). To determine whether a § 1404(a) transfer of venue is appropriate, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003); see also Seaman v. IAC/InterActiveCorp, Inc., No. 3:18-cv-401, 2019 WL 1474392, *3-4 (E.D. Va. Apr. 3, 2019) (citing Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015)).

In the absence of a forum-selection clause, the analysis of a § 1404(a) motion to transfer is straightforward, requiring the application of a factor test. But, this calculus changes when a forum-selection clause, such as the one at issue here, is present. In Atlantic Marine, the Supreme Court addressed the standards to apply in adjudicating a case involving a forum-selection clause. The Supreme Court stated that, when the parties have agreed to a valid forum-selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine, 571 U.S. at 62. Accordingly, when a valid forum-selection clause exists, a

5

district court should ordinarily transfer the case to the forum specified in that clause in. Id. The plaintiff's choice of forum and the private interests of the parties are irrelevant. Instead, the Court considers only the public interests concerning transfer.

Although the Atlantic Marine Court made clear that district courts must enforce a valid forum-selection clause for contracting parties who affirmatively agreed to litigate in a particular forum "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer," 571 U.S. at 568 (emphasis added), "the Court did not have occasion to address how the general rule should apply where . . . as here, there are other complications . . . ." In re Howmedica, 867 F.3d 390, 401 (3d Cir. 2017); Artech Info. Systems LLC v. ProTek Consulting, 2018 WL 3575054, at *3 (W.D. Md. July 25, 2018). Nor did the Supreme Court provide further guidance to assess the "'extraordinary circumstances' that may arise in the context of multi-party litigation for which the clause in question reaches some but not all of the parties and claims." Artech Info. Systems, LLC, 2018 WL 3575054, at *3. While the Fourth Circuit has not opined on this scenario, the Third and Fifth Circuits have determined that, "in situations where some but not all parties have entered into a forum-selection clause," a court must determine whether transfer is warranted by assessing the following factors:

(1) that in 'all but the most unusual cases' claims bound by the forum-selection clause should be litigated in the chosen forum; (2) the private and public interests of parties not bound by the forum-selection clause; (3) practical threshold issues of jurisdiction and severance and (4) judicial efficiency and 'any other public interests that weight against enforcing a forum-selection clause.'

Artech Info. Systems, LLC, 2018 WL 3575054, at *3 (citing In re Howmedia, 867 F.3d at 404-05; Rolls Royce, 775 F.3d at 681)). This analytical framework applies to this action because Thor and Waterman are parties to the forum selection clause, but FCCC is not.

## II. ANALYSIS

The forum-selection clause in the Limited Warranty states:

> Exclusive jurisdiction for deciding legal disputes relating to alleged breach of warranty of representations of any nature rests in the courts within the state of manufacture, which is Indiana. Also, the limited warranty shall be interpreted and construed in accordance with the laws of the state of Indiana. Any and all claims, controversies and causes of action arising out of or relating to this limited warrant, whether sounding contract, tort or statute, shall be governed by the laws of the state of Indiana, . . .

ECF No. 7-1 at 12. This is an exclusive forum-selection clause provision, requiring that disputes related to the Limited Warranty be litigated in the State of Indiana.

Based on the presumption favoring the application of forum-

7

selection clauses in <u>Atlantic Marine</u>, if the Court finds the forum-selection clause valid, it should transfer the case to the Northern District of Indiana, <u>Atl. Marine</u>, 571 U.S. at 62, unless Waterman establishes that exceptional circumstances mediate against enforcement of the clause.

## A. The validity of the forum-selection clause within the Limited Warranty

It is well-settled that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972) (emphasis added). Further, the party challenging enforcement of the forum-selection clause must make a "strong showing" that enforcing the clause is unreasonable, and therefore has a "heavy burden of proof." <u>Id.</u> at 15, 17.

Interpreting <u>M/S Bremen</u>, the Fourth Circuit held that courts should consider the following factors to determine whether a forum-selection clause is unreasonable:

> (1) [the clause's] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [the clause's] enforcement would contravene a strong public policy of the forum state.

_Albemarle Corp._, 628 F.3d at 651 (quoting _Allen v. Lloyd's of London_, 94 F.3d 923, 928 (4th Cir. 1996)); _WCC Cable, Inc v. G4s Tech. LLC_, No. 5:17-cv-52, 2017 WL 6503142, at *6 (citing _Allen_, 94 F.3d at 928); _Garrett_, No. 3:08-cv-792, 2009 WL 936297, at *2-3 (same).

In making his argument that the forum-selection clause is unreasonable, Waterman relies on _Albermarle_ factors (2) and (3). Specifically, Waterman argues that the forum-selection clause within the Warranty is unreasonable because: (1) Waterman will be "deprived of his day in court" if the clause is enforced; and (2) application of Indiana's version of the "Lemon Law" deprives him of a remedy. ECF No. 19 at 2-3. Each of these arguments will be addressed in turn.

### 1. Will Waterman Be Deprived of His Day in Court

Waterman first argues that he will be "deprived of his day in court" if the case is transferred to the Northern District of Indiana. ECF No. 19 at 2-3. But this contention is premised on the inconvenience that Waterman faces in litigating the case in Indiana and is exactly the kind of argument the Supreme Court directed courts to disregard in _Atlantic Marine_. _See Atl. Marine_, 571 U.S. at 64 ("[W]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Waterman begins by

pointing to the underlying facts in the claim as they relate to Virginia: (1) the Motorhome was purchased in Virginia; (2) the Motorhome was purchased by a Virginia resident; and (3) the Motorhome was purchased with the intent that it be used as a recreational vehicle within Virginia. Id. Waterman stresses that, because the majority of the facts underlying the claim occurred in Virginia, it is fundamentally unfair to uproot the litigation to a distant forum, causing Waterman to take off extended periods of time from work. Id. Waterman goes on to say that, if the case were transferred to the Northern District of Indiana, he would suffer grave inconvenience stemming from missed work and pay and significant travel costs that could force him to forfeit the case. Id. at 2-3. But this argument lacks merit. It may very well be inconvenient and more expensive for Waterman to litigate this case in Indiana as opposed to Virginia, but nothing in the record suggests that litigating the case in Indiana would cause Waterman "grave inconvenience." Rather, the inconvenience Waterman faces is "of the sort that is normally associated with litigating a claim." Parks v. Newmar Corp., No. 3:19-cv-352, 2020 WL 265870, at *4 (E.D. Va. Jan. 17, 2020). In fact, based on Waterman's logic, it would be just as burdensome for Thor to litigate the claim in Virginia because, as Thor highlights, Thor has a legitimate interest in litigating the claim in Indiana: (1) the Motorhome was manufactured in Indiana; (2)

10

Thor's principal of business is in Elkhart, Indiana; (3) Thor's representatives who will testify at deposition or trial are located in Indiana; and (4) litigating the claim in Indiana helps provide consistency "in the handling of claims and lawsuits nationwide." See ECF No. 15 at 5; ECF No. 20 at 2. However, as the Supreme Court made clear in Atlantic Marine, in light of a forum-selection clause, a party's private interests must be disregarded because the parties agreed to the preselected forum and thereby waived the right to challenge it as inconvenient. 571 U.S. at 64. Waterman has not shown that litigating the claim in the Northern District of Indiana would effectively deprive him of his day in court and his arguments must be set aside.

### 2. Does Indiana Law Derive Waterman of a Remedy

Next, Waterman maintains that the forum-selection clause is unreasonable because it deprives Waterman of a remedy under Virginia's lemon law. See ECF No. 19 at 3-4. Specifically, Waterman argues that Indiana's version of the "Lemon Law," Ind. Code § 24-5- 13-5, excludes motorhomes "regardless of their complained of nonconformities."[3]  Id.  In essence, Waterman

---

[3]    The Indiana Code defines a "motor vehicle" as "any self-propelled vehicle that: (1) has a declared gross vehicle weight of less than ten thousand (10,000) pounds; (2) is sold to: (A) a buyer in Indiana and registered in Indiana; or (B) a buyer in Indiana who is a non resident . . ." Ind. Code § 24-5- 13-5.  In addition, the Indiana Code expressly excludes from its definition of "motor vehicle" motor homes.  Id.

implies that the effect of a transfer would be that Waterman's Motorhome would not be given the legal protections intended to be given to Virginia residents under the law. Id. But this argument fails because Waterman cannot be deprived of a remedy when he did not have a remedy against Thor under Virginia's lemon law in the first place.

In Count III of Waterman's Amended Complaint, he alleges a violation of Virginia's lemon law, Va. Code § 59.1-207.9, et seq. The Motor Vehicle Warranty Enforcement Act, commonly referred to as the "Virginia lemon law," creates a "remedy for purchasers of motor vehicles against motor vehicle manufacturers if the manufacturer does not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition which 'significantly impairs the use, market value, or safety of the motor vehicle' . . . ." Parks v. Newmar Corp., 384 F. Supp. 2d 966, 968-69 (W.D. Va. 2005) (citing Va. Code. § 59.1-207.14).

Waterman brings his Virginia Lemon law complaint only against FCCC, the manufacturer of the Motorhome's chassis. See ECF No. 12 ¶ 40 (stating that FCCC is a "manufacturer" as defined under the Virginia lemon law). As Thor notes, Waterman does not assert that Thor is liable under the Virginia lemon law. And, even if Waterman did assert a lemon law claim against Thor, the Virginia lemon law does not cover Thor. Courts within the Eastern District of Virginia have resolved that "Virginia's lemon law attaches

liability to motor home defects only with respect to the motor home's 'self-propelled motorized chassis.'" Burke v. Thor Motor Coach, Inc., No. 3:15-cv-75, at 1 (E.D. Va. July 9, 2015); see also Parks,384 F. Supp. 2d at 970-71 ("[T]he Court finds that Newmar does not assemble the self-propelled motorized chassis of the motor homes it manufactures and distributes and thus is not a 'manufacturer' as defined by the [Virginia lemon law]."). While it is not entirely clear based upon the Amended Complaint which parts of the Motorhome Thor manufactured, it is certain that Thor did not manufacturer the chassis of the Motorhome-the chassis was manufactured by FCCC. Therefore, FCCC is the only Defendant that could fall under the umbrella of Virginia's lemon law liability. If the Court decides to transfer the claims against Thor to the Norther District of Indiana, Waterman would not be deprived of a remedy against Thor because he had no available remedy to begin with.

Clearly, enforcement of the forum-selection clause as between Thor and Waterman does not render the forum-selection clause unreasonable under Albemarle. If the court enforces the forum-selection clause in the Limited Warranty, Waterman will neither be "deprived of his day in court" nor will he be deprived of a remedy as against Thor. Accordingly, the Court finds that the forum-selection clause within the Limited Warranty is valid.

## B. Third and Fifth Circuit Four-Step Framework

Because the forum-selection clause is valid, a strong presumption exists in favor of transferring the claims against Thor to the Northern District of Indiana. However, Waterman brings claims against two defendants: Thor and FCCC. And while the claims against Thor are subject to the forum-selection clause, the clause does not govern the claims against FCCC. In situations in which one party within a lawsuit is privy to a forum-selection clause but other parties are not, the court must determine whether enforcing the forum-selection clause against all of the parties in the case is justified. Here, where Thor is a party to the forum-selection clause but FCCC is not, the Court has three potential options: (1) transfer the case in its entirety; (2) leave the case in the Eastern District of Virginia; or (3) sever the claims and enforce the forum-selection clause as to the claims against Thor. See In Rolls Royce Corp., 775 F.3d 671, 681 (5th Cir. 2014) (finding that Atlantic Marine did not categorically require severance in all situations). The Court will apply the four-step framework developed by the Third and Fifth Circuit's to the record of this case.

### 1. Application of forum-selection clauses

As to the first prong, the court will consider the private interests of the parties who have signed a forum-selection agreement, finding that a party's expectations cuts in favor of

14

transferring to the contracted for forum. <u>In re Howmedica</u>, 867 F.3d at 406-07. Waterman agreed to a forum-selection clause granting exclusive district to Indiana Courts for all claims brought against Thor, and Thor seeks to enforce that clause. Because the Court determined that the forum-selection clause within the Warranty is valid, it is presumed, for this analysis, that Waterman's claims against Thor should be litigated in the Northern District of Indiana.

FCCC, on the other hand, did not agree to an Indiana forum-selection clause. There is thus no presumption that Waterman's claims against FCCC should be litigated in Indiana, so the Court will proceed to address Waterman's claims against FCCC at the second step of the transfer inquiry.

### 2. Public and private interests relevant to non-contracting parties

At the second stage of the analysis, the Court considers the public and private interests relevant to non-contracting parties, just as it would in an independent § 1404(a) analysis involving those parties in the absence of any forum-selection clause. <u>See</u> <u>In re Howmedica</u>, 867 F.3d at 404; <u>Rolls Royce</u>, 775 F.3d at 681. Accordingly, the Court considers the interests of FCCC, Waterman, and the public, as if the case involved only claims against FCCC. The private interests to consider include the "relative ease of access to sources of proof; availability of compulsory process for

15

attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive," Atl. Marine, 571 U.S. at 62 n.6 (internal quotations omitted), whereas the public interests are "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Artech Info. Systems, LLC v. ProTek Consulting, No. px-17-3468, 2018 WL 3575054, at *3 (D. Md. July 25, 2018) (quoting Piper Aircraft, 454 U.S. at 241 n.6)).

Turning first to the private interests at stake—FCCC is a private party not bound by the forum-selection clause in the Warranty. However, the Court has no reason to believe that FCCC's private interests would be unduly prejudiced by transferring the entire case to the Northern District of Indiana. In fact, in its RESPONSE TO DEFENDANT THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE, FCCC consented to transferring the action to the United States District court for the Northern District of Indiana. ECF No. 18.

On the other hand, it is clear that Waterman's interests would best be served by allowing the case to proceed before a Virginia court. FCCC is a foreign corporation. ECF No. 12 ¶ 2. But, a large majority of the relevant witnesses, documents, and other evidence are likely located in Virginia because the events underlying Waterman's purchase of the Motorhome occurred in Virginia: (1) Waterman is a current resident of Virginia; (2) the Motorhome was purchased at a Camping World in Spotsylvania, Virginia, ECF No. 12 ¶¶ 1,3; (3) the Motorhome was registered in Virginia and meant for personal use primarily within Virginia, Id. ¶ 6; and (4) all of the repairs took place at an authorized dealership in Virginia, ECF No. 12-2 (detailing the repair orders). In fact, the only connection this case has to Indiana is that Thor's principal place of business is located within Indiana. It would be far easier for Waterman, who has fewer financial resources than a large corporation, to litigate in Virginia, and a trial in Virginia would likely be easier and less expensive for Waterman. In addition, Virginia has an interest in protecting consumers within its state and administering the laws of its state, in this case the Virginia Motor Vehicle Act. Therefore, Virginia has a greater interest in litigating this claim than Indiana.

Weighing the public and private issues at stake together, this factor weighs strongly against transferring the claims against FCCC to the Northern District of Indiana. Because this

result is in conflict with the Step One presumption that Waterman's claims against Thor should proceed in Indiana, the Court must assess whether severance of the claims is warranted.

### 3. Threshold issues related to severance

The Court must next consider whether severance of the claims between FCCC and Thor is appropriate. Where there are multiple defendants in a case, the fact that transfer of one defendant would be proper or improper under § 1404(a) does not prevent transfer of the others. It is appropriate for the court to sever the claims against those defendants and transfer the others. Chrysler Cred. Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1518-19 (10th Cir. 1991). At the third step of the four-part inquiry, the Court must consider threshold issues relating to severance of the claims, including the presence of indispensable parties and diversity jurisdiction, personal jurisdiction, venue, or jointer defects. In re Howmedica, 867 F.3d at 404-05; See Fed. R. Civ. P. 21 ("The Court may also sever any claims against a party.").

First, it seems clear that, under Fed. R. Civ. P. Rule 19(b) ("Rule 19(b)"), FCCC is not an indispensable party as to the claims against Thor. To be an indispensable party under Rule 19(b), a party must be a "required" party under Fed. R. Civ. P. Rule 19(a), meaning that "in that person's absence, the court cannot accord relief among existing parties." However, a judgment against FCCC without Thor's presence in this case would not have preclusive

18

effect over Thor.  Thus, FCCC is neither a "required" party nor an indispensable party under Rule 19(b), and it is permissible to severe the claims against Thor and FCCC.

Second, if the Court grants Thor's Motion to Transfer and transfers the entire case, there are no jurisdictional issues. FCCC consented to transferring the case to the Northern District of Indiana and would likely be unable to challenge the Indiana court's personal jurisdiction at a later juncture.  And, FCCC has not contested that it is subject to jurisdiction in Virginia.  If the Court chose to keep Waterman's claims against FCCC before it, severance is likely necessary because there is a question of whether the Eastern District of Virginia lacks personal jurisdiction over Thor as a manufacturer based in Indiana.  As such, the Court has the option of transferring the claims against Thor or both Thor and Waterman to the Northern District of Indiana. If, as here, "more than one outcome satisfies the threshold severance constraints," the Court proceeds to the fourth step.  In re Howmedica, 867 F.3d at 405.

### 4. Efficiency and non-contracting parties' private interests

At the final stage of the inquiry, where severance is neither clearly warranted nor clearly disallowed, a court may exercise its discretion in choosing the most appropriate course of actions considering "'efficiency interests in avoiding duplicative

litigation' and 'any other private interests that may weight against enforcing a forum-selection clause." <u>Lewis v. Jayco, Inc.</u>, 2019 WL 3797357, at *3 (W.D. Va. Aug. 12, 2019) (discussing whether to sever a claim in a case involving competing forum-selection clauses) (citing <u>In re Howmedica</u>, 856 F.3d 390, 405 (3rd Cir. 2017)). If a court determines that the public interest in upholding the contracting parties' settled expectations is 'overwhelmingly outweighed' by the countervailing interests, "the court can decline to enforce a valid forum-selection clause." <u>Id.</u> (quoting <u>Atl. Marine</u>, 571 U.S. at 66).

Waterman's strongest argument for severing the case is the allegation that transferring their claims against FCCC to the Northern District of Indiana would deny Waterman a remedy under Virginia's lemon law. ECF No. 19 at 3. Virginia's lemon law was passed to protect consumers within Virginia, so the public interest lies with protecting Waterman's lemon law remedy. <u>See</u> Va. Code § 59.1-207.10 ("The General Assembly recognizes that a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer. It is the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time."). If, as Waterman suggests, Waterman would lose its claim against FCCC in the event the case is transferred to the Northern District

of Indiana, the Court may use its discretion to deny enforcing the forum-selection clause as against one or both of the Defendants.

Waterman's assertion that his Virginia lemon law claim will no longer be available to him under Indiana law is premised on the assumption that, if the case is transferred to Indiana, Indiana's, and not Virginia's, laws would apply. To determine the validity of this assumption, it is necessary to determine the choice-of-law issue: whether Virginia or Indiana law would apply if the claims against FCCC were before the Northern District of Indiana.

It is well-settled that a federal district court sitting in diversity and resolving a transferred matter must apply the laws of the transferor state, including the choice of law rules. See Van Duren v. Barrack, 376 U.S. 612, 639 (1964). However, this rule does not apply to transfers effected under § 1404(a) when the § 1404(a) transfer stems from enforcement of a forum-selection clause. Atl. Marine, 571 U.S. at 65-66 (finding that a forum-selection clause should not apply to transfers in which the plaintiff has attempted to circumvent a forum-selection clause by suing in a district other than that to which the parties agreed). Here, the transfer of Waterman's claims against FCCC would not be pursuant to the forum-selection clause but pursuant to the Court's severance analysis. Therefore, the Northern District of Indiana would apply the choice of law rules of the transferor court, Virginia.

Under Virginia's choice of law provisions governing contract law, "[t]he nature, validity and interpretation of contracts are governed by the law of the place where made." See, e.g., Hengle v. Asner, No. 3:19cv250, 2020 WL 113496, at *25 (E.D. Va. Jan. 9, 2020)(quoting C.I.T. Corp. v. Guy, 195 S.E. 659, 661 (Va. 1938)). "[T]he place of acceptance of a proposal is the place where a contract is made, since acceptance by the offeree completes the contract process." Madaus v. Nov. Hill Farm, Inc., 630 F. Supp. 1246, 1249 (W.D. Va. 1986)). Waterman purchased his Motorhome at a dealership in Virginia. ECF No. 12 at 2. In addition, all of the attempted repairs made to the Motorhome occurred at a dealership in Virginia, so Virginia law governs the validity of the claims at this stage. ECF No. 12 at 2. Therefore, whether the case stays in the Eastern District of Virginia or is transferred to the Northern District of Indiana, Virginia's lemon law will apply to the claims against FCCC. In sum, Waterman's theory that the claim against FCCC will be lost if the case is transferred has no merit.

## C. Transferring the claims to the Northern District of Indiana

Setting aside Waterman's argument that he would lose his claim against FCCC if the case were transferred to the Northern District of Indiana, the Court finds no reason to sever the case. Severance and a partial transfer "would require the same issues to be litigated in two difference places and would thus amount to a waste

22

of judicial resources." Flexible Technologies v. Sharkninja Operating L.L.C., No. 8:17-cv-117, 2018 WL 1175043, at *7 (D.S.C. Feb. 14, 2018). The Court is mindful that severance of the claims, which are grounded in the same underlying facts, could lead to inconsistent factual findings, which "runs counter to the public's interest in cases proceeding expeditiously, efficiently and fairly in federal court." Id. Transferring an entire case is preferable to severance. Celsion Corp. v. Stearns Mgmt. Corp., No. 00-cv-1214, 2001 WL 55456, at *4 (D. Md. Jan. 18, 2001) ("Where venue is appropriate as to some defendants but not others, courts prefer a transfer to an appropriate venue over severance of the case."). Consequently, the Court exercises its discretion and declines to transfer the entire case.

Because severance is not warranted in this case, the case should be transferred in its entirety to the Northern District of Indiana pursuant to the exclusive forum-selection clause in the Warranty. In Atlantic Marine, the Supreme Court clearly articulated that courts must respect forum-selection clauses, stating that, "when parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Atl. Marine, 571 U.S. at 583. This is not one of the rare instances in which the "contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests." In re Howmedica, 867

23

F.3d at 405 (quoting Atl. Marine, 571 U.S. at 66). Applying these principles, while also taking under advisement the judicial efficiency interests at stake, the Court finds it appropriate to enforce the forum-selection in the Warranty and transfer the entire case to the Northern District of Indiana.[4]

## CONCLUSION

For the foregoing reasons, DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3) will be granted. The case will be transferred to the District Court for the Northern District of Indiana, South Bend Division.

It is so ORDERED.

/s/    *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 18, 2020

---

[4] In today's world, out-of-state manufacturers sell their products in virtually every state. For most manufacturers, litigating product claims away from their home state presents no significant burden. And, the reality also is that no individual consumer really has the power to strike a forum selection clause in the manufacturer's form contract. The choice is to take the clause or to not buy the product. Unfortunately, the law has not caught up with reality. But, it is the task of Congress and the state legislators to rectify the imbalance between manufacturers and consumers.